OPINION
James O. Kachermeyer, defendant-appellant, appeals a sentence imposed upon him by the Franklin County Court of Common Pleas. Appellant also appeals the trial court's judgment finding him to be a sexual predator. We affirm in part and reverse in part.
Appellant was indicted on September 11, 1998, for three counts of gross sexual imposition, a violation of R.C. 2907.05. The offenses were considered third-degree felonies pursuant to R.C. 2907.05(A) (4), because the victim, who was appellant's granddaughter, was eight or nine years old at the time of the offenses. On February 8, 1999, the trial court accepted a guilty plea from appellant. Appellant pled guilty to two counts, and the court entered a nolle prosequi for the remaining count. The court also allowed one of the counts to be reduced from a third-degree felony to a fourth-degree felony.
On March 18, 1999, a sentencing hearing was held. Appellant was sentenced to serve four years in prison for the first count and twelve months in prison for the second count. The court also found that appellant's sentences were to be served consecutively. The court also held a sexual predator hearing and adjudicated appellant to be a sexual predator. The court filed a judgment entry on March 19, 1999, concerning appellant's sentence and adjudication as a sexual predator. Appellant appeals this decision and presents the following assignments of error:
Assignment of Error Number One:
 THE TRIAL COURT ERRONEOUSLY DETERMINED THAT THE DEFENDANT SHOULD BE CLASSIFIED AS A SEXUAL PREDATOR WHEN NO EVIDENCE WAS PRESENTED IN SUPPORT OF THIS ALLEGATION AND FURTHER ERRED WHEN IT CONSIDERED FACTS OUTSIDE THE RECORD, THAT WERE NEVER ADMITTED AS EVIDENCE, TO SUPPORT ITS DETERMINATION.
Assignment of Error Number Two:
 THE TRIAL COURT ERRED WHEN IT FAILED TO IMPOSE THE SHORTEST PRISON TERM AUTHORIZED FOR THE OFFENSE WHEN THE DEFENDANT HAD NOT PREVIOUSLY SERVED A PRISON TERM AND THE COURT FAILED TO PLACE ON THE RECORD, DURING THE SENTENCING, FINDINGS THAT WOULD HAVE ALLOWED FOR THE IMPOSITION OF A LONGER SENTENCE AND WHEN THE RECORD DOES NOT SUPPORT THE IMPOSITION OF ANYTHING BUT THE SHORTEST PRISON TERM.
Assignment of Error Number Three:
 THE TRIAL COURT ERRED WHEN IT ORDERED THE TWO SENTENCES TO BE SERVED CONSECUTIVELY WITHOUT SETTING FORTH THE REQUIRED STATUTORY FINDINGS ON THE RECORD.
Appellant argues in his first assignment of error that the trial court erred in finding him to be a sexual predator claiming that no evidence was properly presented to support this determination. Appellant also contends that the court considered facts that were outside of the record.
R.C. 2950.09(B) (1) states in part that, at the sexual predator hearing, "the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator." R.C. 2950.09 does not require the prosecutor to again present evidence that had been previously presented in the same case. For example, another appellate district stated in State v. Mollohan (Aug. 19, 1999), Washington App. No. 98-CA-13, unreported, that:
 * * * We are well aware of the potential stress and strain that could be inflicted on a young child by requiring him or her to come back into a courtroom and recount (for the second time) all the circumstances surrounding his or her sexual assault. If there is sufficient evidence in the record to render a determination as to one's sexual offender status, then the prosecution should have discretion to rely on that evidence. The trial court should have similar discretion to accept that evidence, rather than holding additional hearings simply to facilitate re-introduction of the same material. * * *
The presentation of evidence at a sexual predator hearing is not governed by the Rules of Evidence because "[a] sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply." State v. Cook (1998), 83 Ohio St.3d 404,425, certiorari denied, ___ U.S. ___, 119 S.Ct. 1122. For example, a pre-sentence investigation report may be relied upon by the trial court in a sexual predator hearing even though it may contain hearsay. Cook, at 425. "[T]he determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender." Id. We have also held that a trial court may rely upon an offender's indictment, guilty plea, sentencing entry, and parole board hearing file. State v. Dillbeck (Dec. 14, 1999), Franklin App. No. 99AP-399, unreported (1999 Opinions 5548, 5552).
In the present case, the prosecution asked the trial court to take "judicial notice of the plea proceedings that occurred in this courtroom on February 4th, 1999, with respect to the facts of this particular case." However, appellant's counsel did not object. "The failure to object constitutes a waiver of any claim of error but for plain error." State v. Smith (1997),80 Ohio St.3d 89, 115. An alleged error does not constitute a plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. State v. Stojetz (1999),84 Ohio St.3d 452, 455.
The purpose of the prosecution asking for judicial notice was for the court to consider the facts presented during appellant's guilty plea hearing. The trial court could have properly considered the facts presented during that hearing. A review of the facts presented at appellant's guilty plea hearing shows that the evidence more than sufficiently supported a finding that appellant is a sexual predator. See State v. Henderson
(Sept. 28, 1999), Franklin App. No. 98AP-1591, unreported (1999 Opinions 3905, 3909). Therefore, we find that appellant cannot show that the trial court's sexual predator determination would have clearly been otherwise because sufficient evidence was already in the record showing that he was a sexual predator. Additionally, even though the wiser course for prosecutors is to re-introduce evidence at an offender's sexual predator hearing, other districts have held that a trial court may take judicial notice and have "an independent memory" of the facts of a case in which the trial judge also conducts the sexual predator hearing of an offender. State v. Lance (Feb. 13, 1998), Hamilton App. No. C-970301, unreported, judgment affirmed in part, appeal dismissed in part (1998), 84 Ohio St.3d 17; State v. Goney (Oct. 23, 1998), Montgomery App. No. 16990, unreported.
Appellant also contends that the trial court could not rely upon records from Franklin County Children Services ("FCCS"). However, a review of the transcript of the sexual predator hearing and the court's judgment entry give no indication that the court relied upon the FCCS records. All of the facts stated by the court in its entry finding appellant to be a sexual predator are contained in the presentence investigation report. Therefore, appellant cannot show that he was prejudiced because the trial court could properly consider the presentence investigation report in adjudicating appellant to be a sexual predator. Accordingly, appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that the trial court erred in not imposing the shortest prison term authorized by the statute. Appellant also claims that the court failed to place on the record the necessary findings in order to impose a longer sentence pursuant to R.C. 2929.14(B).
R.C. 2929.14(B) states, in part:
 * * * [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
The Ohio Supreme Court has recently stated in State v. Edmonson
(1999), 86 Ohio St.3d 324, syllabus, that:
 R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence.
In the present case, appellant had not served a prison term prior to the time he was sentenced. The trial court imposed a sentence of four years for the third-degree felony, which is greater than the minimum sentence for a third-degree felony. R.C.2929.14(A) (3). The court imposed a sentence of twelve months for the fourth-degree felony, which is greater than the minimum sentence for a fourth-degree felony. R.C. 2929.14(A) (4). Therefore, in imposing sentences greater than the minimum sentences, the trial court needed to find on the record that the shortest prison term: (1) would demean the seriousness of appellant's conduct; or (2) would not adequately protect the public from future crime by appellant or others.
A review of the judgment entry shows that the trial court did not provide any reasons for why it imposed a sentence greater than the minimum sentence for appellant. A review of the plea hearing shows that the trial court commented that it was imposing a four-year sentence for the third-degree felony because "the offense is very serious." However, the trial court did state in its judgment entry:
 * * * The Court further finds that the consecutive service is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. * * *
The imposition of consecutive sentences accomplishes the objective of lengthening the time appellant would serve in prison, which is the same objective of having appellant serve a prison term that is longer than the minimum sentence. Therefore, it is reasonable to conclude that the court imposed a sentence greater than the minimum sentence in order to "protect the public" even though this reason was used by the court in imposing a consecutive sentence upon appellant. Accordingly, we find that the court's findings sufficiently comply with the requirements of R.C.2929.14(B) in order to sentence appellant to a prison term that is longer than the minimum sentence.
Appellant also claims that the sentence he received is disproportionate to the offenses. However, "[t]he sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society." State v. Daniels
(Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported (1998 Opinions 368, 374), affirmed (1998), 84 Ohio St.3d 12. When considering appellant's crime with the sentence that was imposed, we do not find that the sentence was too harsh. Appellant's second assignment of error is overruled.
Appellant contends in his third assignment of error that the trial court erred in imposing consecutive sentences without setting forth the required statutory findings on the record. R.C.2929.14(E) (4) states:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
A review of the sentencing entry shows that the trial court made the findings required by R.C. 2929.14(E) (4) and, in fact, quoted portions of the statute in its entry.
However, R.C. 2929.19(B) (2) states that, when a trial court imposes consecutive sentences under R.C. 2929.14, the court shall also make a finding that gives "its reasons for imposing consecutive sentences." R.C. 2929.19(B) (2) (c). In Edmonson, the Ohio Supreme Court concluded that R.C. 2929.19(B) (2) requires the trial court to give the reasons for its findings as opposed to R.C. 2929.14(B)'s requirement that the court only had to give its findings. Edmonson, at 326.
A review of the sentencing hearing transcript and the sentencing entry shows that the trial court failed to give any reasons for finding that a consecutive sentence: (1) was necessary to protect the public from future crime and to punish appellant; and (2) was not disproportionate to the seriousness of appellant's conduct and to the danger he poses to the public. See R.C.2929.14(E) (4). The court also failed to give its reasons for finding that the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of appellant's conduct. See R.C.2929.14(E) (4) (b). Therefore, we find that the trial court did not make the findings required by R.C. 2929.19(B) (2) (c) for consecutive sentences. Appellant's third assignment of error is sustained.
Accordingly, appellant's first and second assignments of error are overruled. We affirm the trial court's decision adjudicating appellant to be a sexual predator. We also affirm the trial court's decision requiring appellant to serve sentences of four years for Count one, and twelve months for Count two of the indictment. Appellant's third assignment is sustained. We reverse the trial court's decision to have appellant serve his sentences consecutively and remand the present case to the trial court for resentencing consistent with this opinion.
Judgment affirmed in part; reversed in part and cause remanded.
BRYANT and TYACK, JJ., concur.